**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| DAWN CARVALHO, *on behalf of herself and all others similarly situated,* | ) ) ) | Case No. 2:18-cv-277 |
| Plaintiff, | ) ) | |
| vs. | ) ) | **CLASS ACTION COMPLAINT** |
| RICHARD SOKOLOFF ATTORNEY AT LAW | ) ) ) | **Jury Trial Demanded** |
| Defendant. | ) ) ) | |

### NATURE OF ACTION

1.      Plaintiff Dawn Carvalho ("Plaintiff") brings this putative class action against Defendant Richard Sokoloff Attorney at Law ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., individually and on behalf of all others similarly situated.

### JURISDICTION, VENUE, AND STANDING

2.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

4.      "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus

"Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)).

5.      "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)).  Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing.  *See id.* at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA"); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

6.      "The Supreme Court has held time and again that the violation of a statutory right to receive information one is entitled to receive creates a concrete injury sufficient to confer standing on a plaintiff." *Zia v. CitiMortgage, Inc.*, 210 F. Supp. 3d 1334, 1343 (S.D. Fla. 2016).

7.      "The FDCPA does create an informational right which did not exist prior to its enactment, and that right is tied to the harm which a consumer may suffer if not provided with that information. Consequently, the deprivation of that information is, in most cases, sufficient to confer Article III standing. That was the law before *Spokeo*, and that law was not based on an erroneous understanding of Article III like the one corrected by *Spokeo*, but by application of well-settled principles of standing jurisprudence which *Spokeo* did

not change (and, in fact, upon which *Spokeo* relied)." *Hagy v. Demers & Adams, LLC*, No. 2:11-CV-530, 2017 WL 1134408, at *4 (S.D. Ohio Mar. 27, 2017).

8.      "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is *not* a necessary condition." *Lane*, 2016 WL 3671467 at *4 (emphasis in original).

### THE FAIR DEBT COLLECTION PRACTICES ACT

9.      Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

10.      "To recover damages under the FDCPA, a consumer does not need to show intentional conduct on the part of the debt collector. The Act is a strict liability statute, and the degree of a defendant's culpability may only be considered in computing damages." *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010) (internal quotation marks and citation omitted).

11.      "[T]he question of whether a communication complies with the FDCPA is determined from the perspective of the 'least sophisticated consumer.'" *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)).

12.      "The purpose of the least-sophisticated-consumer standard, here as in other areas of consumer law, is to ensure that the statute protects the gullible as well as the shrewd." *Id.*

13.     "In order to prevail, it is not necessary for a plaintiff to show that she herself was confused by the communication she received; it is sufficient for a plaintiff to demonstrate that the least sophisticated consumer would be confused." *Id*.

## PARTIES

14.     Plaintiff is a natural person who at all relevant times resided in the State of New York, County of Suffolk, and City of Smithtown.

15.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

16.     Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

17.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

18.     Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendant.

19.     Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, medical services from John T. Mather Hospital for Plaintiff's minor child (the "Debt").

20.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

21.     Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

22.    In connection with the collection of the Debt, Defendant sent a letter to Plaintiff dated February 6, 2017.

23.    Defendant's February 6, 2017 letter was its initial communication with Plaintiff with respect to the Debt.

24.    A redacted copy of the February 6, 2017 letter is attached to this complaint as Exhibit A.

25.    Defendant's February 6, 2017 letter purported to contain the notices required in an initial communication by 15 U.S.C § 1692g(a).

26.    However, Defendant's February 6, 2017 letter does not meaningfully convey the identity of the creditor to whom the Debt is owed as it only states: "RE..........: JOHN T. MATHER HOSPITAL."  Exhibit A.

27.    The least sophisticated consumer would be left to guess or make assumptions that what follows "RE" is the identity of the current creditor.

28.    Plaintiff was unaware, and the least sophisticated consumer would be unaware whether John T. Mather was the creditor, or if the "RE" only referred to the facility where the services were provided.

29.    Defendant's February 6, 2017 letter identified the balance of the Debt as $656.79 and did not indicate that the balance of the Debt would increase due to the accrual of interest, fees, or other charges. *See* Exhibit A.

30.    Plaintiff, on behalf of her minor child, sent Defendant a timely written dispute.

31.    In response, Defendant sent Plaintiff a letter dated February 27, 2017 that purported to verify the Debt.

32.     A redacted copy of the February 27, 2017 letter is attached to this complaint as Exhibit B.

33.     Defendant's February 27, 2017 letter identified the balance of the Debt as $656.79 and again did not indicate that the balance of the Debt would increase due to the accrual of interest, fees, or other charges.  *See* Exhibit B.

34.     In connection with the collection of the Debt, Defendant sent Plaintiff a letter dated April 3, 2017.

35.     A true and accurate copy of the April 3, 2017 letter is attached to this complaint as Exhibit C.

36.     Defendant's April 3, 2017 letter identified the balance of the Debt as $656.79 and for a third time did not indicate that the balance of the Debt would increase due to the accrual of interest, fees, or other charges.  *See* Exhibit C.

37.     In connection with the collection of the Debt, Defendant sent Plaintiff a letter dated April 26, 2017.

38.     A true and correct copy of the April 26, 2017 letter is attached to this complaint as Exhibit D.

39.     The April 26, 2017 letter identified the balance of the Debt as $656.79 and once more did not indicate that the balance of the Debt would increase due to the accrual of interest, fees, or other charges.  *See* Exhibit D.

40.     Defendant's April 26, 2017 letter also stated:

YOUR FAILURE TO PAY YOUR LONG OVERDUE DEBT HAS MADE IT NECESSARY TO REQUEST AUTHORIZATION FOR LEGAL ACTION FROM MY CLIENT. A DECISION BY OUR CLIENT IS PENDING. ONLY YOU CAN STOP THE CONTINUANCE OF

COLLECTION PROCEEDINGS BY PAYING YOUR BILL IMMEDIATELY.

*Id*. (emphasis in original).

41.     Upon information and belief, as of April 26, 2017, John T. Mather Hospital ("Defendant's client") had already authorized Defendant to commence legal action against Plaintiff.

42.     In fact, Defendant, on behalf of its client, prepared a summons and complaint that was dated, signed, and verified on April 26, 2017.

43.     A true and correct copy of the April 26, 2017 summons and verified complaint is attached to this complaint as Exhibit E.

44.     In addition to the $656.79 balance identified in Defendant's previous letters, the April 26, 2017 verified complaint sought "interest from 01/15/16 together with costs and disbursements." Exhibit E.

45.     Through Defendant's failure to collect interest on the Debt prior to April 26, 2017, Defendant's client effectively waived the right to collect interest on the Debt.

46.     Therefore, by praying for pre-judgment interest that Defendant's client was not entitled to, Defendant's complaint falsely represented the amount of the Debt.

47.     In the alternative, if Defendant's client did not waive the right to collect interest on the Debt, Defendant's collection letter letters would mislead the least sophisticated consumer who could readily conclude that the balance due was due *at any time,* when in fact it was not, and was subject to adjustment on a periodic basis.

48.     Therefore, Defendant's omission of material information, specifically, that the balance of the Debt would increase due to the accrual of interest, fees, or other charges

would deceive or mislead the least sophisticated consumer as to the character and amount of the Debt.

49.     In connection with the collection of an ostensibly separate debt, Defendant sent Plaintiff a letter dated February 6, 2017.

50.     A true and correct copy of Defendant's February 6, 2017 letter to Plaintiff is attached as Exhibit F.

51.     Defendant's February 6, 2017 letter was its initial communication with Plaintiff with respect to the aforementioned debt.

52.     Like Defendant's other February 6, 2017 letter, this letter does not meaningfully convey the identity of the creditor to whom the debt is owed as it only states: "RE……: JOHN T. MATHER HOSPITAL."  Exhibit E.

## CLASS ACTION ALLEGATIONS

53.     Plaintiff repeats and re-alleges the relevant factual allegations above at ¶¶ 18-39 and 43-52.

54.     Defendant's February 6, 2017 letter is based on a form or template (the "Template").

55.     The Template fails to effectively convey the amount of the debt as required in an initial communication with a consumer under 15 U.S.C. § 1692g(a)(1).

56.     The Template fails to name the creditor to whom the debt is owed as required in an initial communication with a consumer under 15 U.S.C. § 1692g(a)(2).

57.     The Template fails to indicate that the debt is subject to increase due to the accrual of interest, fees, or other charges.

58.     Defendant has sent more than forty (40) collection letters based upon the Template to individuals in the State of New York in the year prior to the filing of this complaint.

59.     Plaintiff brings this action on behalf of herself and all other similarly situated.  Specifically, Plaintiff seeks to represent the following classes:

**<u>Failure to Accurately Disclose the Amount of Debt Class:</u>**
All individuals with a State of New York address to whom Defendant sent a letter based upon the Template, where Defendant seeks to collect a debt that is subject to the accrual of interest, fees, or other charges, yet fails to indicate that the balance of the debt is subject to increase due to the accrual of interest, fees, or other charges, within one year before the date of this complaint and in connection with the collection of a debt.

**<u>Insufficient Identification of Creditor Class:</u>**
All individuals with a State of New York address to whom Defendant sent a letter based upon the Template, where Defendant fails to meaningfully convey the name of the current creditor to whom the debt is owed, within one year before the date of this complaint and in connection with the collection of a debt.

60.     The proposed classes specifically exclude the United States of America, the State of New York, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Second Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

61.     The classes are averred to be so numerous that joinder of members is impracticable.

62.     The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

63.     The classes are ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

64.     There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of 15 U.S.C. § 1692 *et seq.*; (c) the availability of statutory penalties; and (d) attorneys' fees and costs.

65.     Plaintiff's claims are typical of those of the classes she seeks to represent.

66.     The claims of Plaintiff and of the classes originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

67.     Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

68.     Plaintiff will fairly and adequately protect the interests of the classes and has no interests adverse to or which directly and irrevocably conflict with the interests of other members of the classes.

69.     Plaintiff is willing and prepared to serve this Court and the proposed classes.

70.     The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

71.     Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

72.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the classes who are not parties to the action or could substantially impair or impede their ability to protect their interests.

73.     The prosecution of separate actions by individual members of the classes would create a risk of inconsistent or varying adjudications with respect to individual members of the classes, which would establish incompatible standards of conduct for the parties opposing the classes. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the classes.

74.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the classes, making final declaratory or injunctive relief appropriate.

75.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the classes predominate over any questions affecting only individual members.

76.    Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## CLASS COUNTS

### COUNT I
### VIOLATION OF 15 U.S.C. § 1692e(2)(A)

77.    Plaintiff repeats and re-alleges the relevant factual allegations above at ¶¶ 18-24, 28-39, and 43-48.

78.    The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts.  *See* 15 U.S.C. § 1692e.  *See Hamilton v. United Healthcare of Louisiana, Inc*., 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

79.    Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt.  15 U.S.C. § 1692e(2)(A).

80.    "[W]e hold that the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees. We think that requiring such disclosure best achieves the Congressional purpose

of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as plaintiffs who may hold the reasonable but mistaken belief that timely payment will satisfy their debts." *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

81.    Defendant's February 6, 2017 letter, and all subsequent letters, listed the balance of the Debt as $656.79 and did not indicate that the balance would increase due to the accrual of interest, fees, or other charges.

82.    However, on April 26, 2017, Defendant, on behalf of its client, filed a complaint against Plaintiff seeking pre-judgment interest on the balance of the Debt from the date of service.

83.    Defendant's collection letters would mislead the least sophisticated consumer, who could readily conclude that the balance due was due *at any time,* when in fact it was not, and was subject to increase due to the accrual of interest.

84.    Therefore, Defendant violated § 1692e(2)(A) by falsely representing the amount of the Debt in its February 6, 2017 letter, and other subsequent letters.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)    Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b)    Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A) with respect to Plaintiff and the Failure to Accurately Disclose the Amount of Debt Class she seeks to represent;

c)  Awarding Plaintiff and the class she seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e)  Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f)  Awarding Plaintiff and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g)  Awarding Plaintiff and the class she seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

h)  Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692g(a)(1)

85.  Plaintiff repeats and re-alleges the relevant factual allegations above at ¶¶ 18-25, 29-39, and 43-44.

86.  A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt such as the amount of the debt. *See* 15 U.S.C. § 1692g(a)(1).

87.  "It is not enough that the dunning letter state the amount of the debt that is due.  It must state it clearly enough that the recipient is likely to understand it." *Chuway*

*v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 948 (7th Cir. 2004); *see also Avila*, 817 F. 3d at 76 ("We do not conclude that Congress's requiring debt collectors to state 'the amount of the debt' in Section 1692g evinces Congressional approval of sending collection notices that lack disclosures about accruing interest and fees.").

88.     Defendant's February 6, 2017 initial letter to Plaintiff identified the balance of the Debt as $656.79 and did not indicate that the balance of the Debt would increase due to the accrual of interest, fees, or other charges.

89.     However, Defendant's April 26, 2017 complaint sought to collect the balance of the Debt plus interest from the date of service, January 15, 2016.

90.     Therefore, if Defendant was entitled to seek interest on the balance of the Debt, Defendant violated 15 U.S.C § 1692g(a)(1) by failing to state the amount of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b)  Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(1) with respect to Plaintiff and the Failure to Accurately Disclose the Amount of Debt Class she seeks to represent;

c)  Awarding Plaintiff and the class she seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e)  Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f)  Awarding Plaintiff and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g)  Awarding Plaintiff and the class she seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

h)  Awarding such other and further relief as the Court may deem proper.

## COUNT III
### VIOLATION OF 15 U.S.C. § 1692g(a)(2)

91.    Plaintiff repeats and re-alleges the relevant factual allegations above at ¶¶ 18-28 and 49-52.

92.    "Viewed from the perspective of the least sophisticated consumer, the Validation Notice must effectively convey the identity of the creditor." *Youssofi v. CMRE Fin. Servs., Inc.*, No. 15CV2310 JM(WVG), 2016 WL 4098312, at *3 (S.D. Cal. Aug. 2, 2016).

93.    "Merely including the current creditor's name in a debt collection letter, without more, is insufficient to satisfy 15 U.S.C. § 1692g(a)(2)." *McGinty v. Prof'l Claims Bureau, Inc.*, No. 15CV4356SJFARL, 2016 WL 6069180, at *4 (E.D.N.Y. Oct. 17, 2016); *see Datiz v. Int'l Recovery Assocs., Inc.*, No. 15-CV-3549, 2016 WL 4148330, at *11 (E.D.N.Y. Aug. 4, 2016) ("[A] debt collector cannot satisfy Section 1692g(a)(2) by naming

an entity without explicitly or implicitly making clear in the letter that the entity is the debtor's current creditor to whom a debt is owed.").

94.    Therefore, Defendant's February 6, 2017 letter violated § 1692g(a)(2) by failing to meaningfully convey the identity of the creditor to whom the Debt is owed, as it only states: "RE………: JOHN T. MATHER HOSPITAL."

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b)  Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(2) with respect to Plaintiff and the Insufficient Identification of Creditor Class she seeks to represent;

c)  Awarding Plaintiff and the class she seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e)  Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f)  Awarding Plaintiff and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the class she seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## INDIVIDUAL COUNTS

### COUNT IV
### VIOLATION OF 15 U.S.C. § 1692e(2)(A)

95.    Plaintiff repeats and re-alleges the relevant factual allegations above at ¶¶ 18-21 and 37-43.

96.    Defendant sent Plaintiff a letter dated April 26, 2017 indicating that its client had not yet authorized Defendant to commence legal action against Plaintiff.

97.    However, on April 26, 2017, Defendant, on behalf of its client, filed a collection lawsuit against Plaintiff in connection with the collection of the Debt.

98.    Therefore, by falsely representing in its April 26, 2017 letter that legal action against Plaintiff had not yet been authorized, when in fact it had, Defendant violated § 1692e(2)(A).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)   Awarding such other and further relief as the Court may deem proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692e(5)

99.    Plaintiff repeats and re-alleges the factual allegations above at ¶¶ 18-24, 28-38, and 41-45.

100.    The FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.  *See* 15 U.S.C. § 1692e(5).

101.    To argue that a collection agency can avoid the strictures of the FDCPA simply by acting where it has no legal authority, as opposed to *threatening* to act where it has no legal authority, would defy the very purposes of the section, one of which is to prevent "use of ... false ... means in connection with the collection of any debt." 15 U.S.C. § 1692e. *Marchant v. U.S. Collections W., Inc.*, 12 F. Supp. 2d 1001, 1006 (D. Ariz. 1998).

102.    Here, Defendant's April 26, 2017 complaint sought pre-judgment interest on the balance of the Debt.

103.    However, Defendant's February 6, 2017 letter, and all subsequent letters, failed to seek interest on the listed balance of the Debt as $656.79 and failed to indicate that the balance would increase due to the accrual of interest, fees, or other charges.

104.    Defendant's failure to collect interest on the Debt prior to April 26, 2017 effectively waived the current creditor's right to collect pre-judgment interest on the Debt.

105.    Therefore, Defendant violated § 1692e(5) by seeking pre-judgment interest on the balance of the Debt that it was not entitled to seek.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Defendant violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692f(1)

106. Plaintiff repeats and re-alleges the factual allegations above at ¶¶ 18-24, 28-38, and 42-45.

107. The FDCPA also prohibits the use of unfair or unconscionable means to collect debts, including, but not limited to, the attempt to collect amounts to which the debt collector is not legally entitled to collect. *See* 15 U.S.C. §§ 1692f, 1692f(1).

108. Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect an amount from Plaintiff not permitted by law, including by asserting an entitlement to charge interest to the Debt without the legal right to do so.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

109.    Plaintiff is entitled to and hereby demands a trial by jury.

Dated: January 16, 2018.

Respectfully submitted,

s/Justin Auslaender
Justin Auslaender
Eastern District Bar No. JA5875
NY Bar No. 5095476
*Thompson Consumer Law Group*
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (917) 793-9022
Facsimile:  (917) 793-9037
Email: justin@consumerlawinfo.com
Attorneys for Plaintiff

*Please direct local correspondence to*:

43 W. 43rd Street, Suite 163
New York, NY 10036