FILED
CLERK
12:10 pm, Feb 07, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
DAWN CARVALHO,

                     Plaintiff,        **MEMORANDUM OF**
                                        **DECISION & ORDER**
          -against-          2:18-CV-00277 (ADS)(SIL)

RICHARD SOKOLOFF, ATTORNEY AT
LAW,

                 Defendant.
---------------------------------------------------------X

**APPEARANCES:**

**Thompson Consumer Law Group**
*Attorneys for the Plaintiff*
117-14 Union Turnpike FA1
Kew Gardens, NY 11415
      By:    Justin Alan Auslaender, Esq., Of Counsel.

**Weinberg, Gross & Pergament, LLP**
*Attorneys for the Defendant*
400 Garden City Plaza, Suite 403
Garden City, NY 11530
      By:    Marc A. Pergament, Esq., Of Counsel.

**SPATT, District Judge**:

On December 13, 2018, the Court lifted a stay of the present action due to the discharge of the Defendant's debts pursuant to Section 727 of the Bankruptcy Code on November 27, 2018. ECF 20 (the "Order"). Presently before the Court is a motion by the Defendant, pursuant to Local Civil Rule 6.3, to reconsider the Order and to discontinue the Plaintiff's action. For the following reasons, the Court denies the Defendant's motion.

## I.  BACKGROUND.

On January 16, 2018, the Plaintiff filed this putative class action against Defendant alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

1

On January 30, 2018, Defendant filed its answer.

On March 14, 2018, the Defendant's counsel filed a letter motion requesting this Court stay the proceedings due to Defendant filing for Chapter 13 bankruptcy.

On April 11, 2018, the Court granted the Defendant's motion and issued a stay pending the outcome of the Defendant's bankruptcy case with instructions "to notify the Court within ten days of the outcome of said case."

On June 22, 2018, the Defendant's Chapter 13 bankruptcy was converted to Chapter 7.

On November 27, 2018, the Defendant received a discharge of his debts.

On December 11, 2018, the Plaintiff filed a letter motion requesting the Court lift the April 11, 2018 stay to allow the parties to proceed with the instant matter.

On December 13, 2018, the Court granted the Plaintiff's request and lifted the stay. The same day, the Defendant filed its response to the Plaintiff's letter contending that the Plaintiff's FDCPA claim had been discharged in his Chapter 7 bankruptcy. The Defendant also amended his Chapter 7 bankruptcy schedule to include the Plaintiff as a creditor.

On January 2, 2018, the Defendant filed a motion for reconsideration alleging that the Court overlooked the arguments raised in its response to the Plaintiff's letter.

## II. DISCUSSION

Local Civil Rule 6.3 permits a party to move for reconsideration of a court order within 14 days after the entry of the Court's determination of the original motion. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are

'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790). Of importance, "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

The Court finds no clear error justifying reconsideration of the Order. Pursuant to Section 727(b), a discharge in a Chapter 7 case discharges a debtor from all debts arising before the filing of the bankruptcy petition, except those that are excepted from discharge. Section 523(a)(3) excepts from discharge certain debts that the debtor fails to schedule in time to permit the creditor to file a proof of claim or seek the debt excepted from discharge, so long as the creditor lacked sufficient notice to file a proof of claim. *In re Cruz*, 254 B.R. 801, 806 (Bankr. S.D.N.Y. 2000). "The burden of establishing that a creditor has received adequate notice rests with the debtor." *Shu Lun Wu v. May Kwan Si, Inc.*, 508 B.R. 606, 613 (S.D.N.Y. 2014) (quoting *In re Massa*, 187 F.3d 292, 296 (2d Cir. 1999)). Here, the Defendant failed to carry this burden.

The parties agree that the Plaintiff, through her counsel, had actual notice of the Chapter 13 proceedings. However, "[c]onversion from one chapter to another triggers the requirement that a creditor receive notice." *Massa*, 187 F.3d at 296. The Second Circuit has explicitly held that "knowledge/notice in a Chapter 13 proceeding is insufficient to constitute knowledge/notice if the proceeding is converted to Chapter 7." *In re Massa*, 187 F.3d at 297. Debtors must provide independent notice of the conversion to creditors "because creditors' responsibilities are completely different under each chapter." *Id.*

The Defendant does not allege that it gave such notice to the Plaintiff. Further, the Defendant puts forward no evidence illustrating actual or constructive knowledge of the

conversion to a Chapter 7 proceeding, save for his hypothesis that it "appears [she] was monitoring the case through PACER." ECF 28 at 3. As support for this theory, the Defendant argues "it is unclear . . . how [the Plaintiff] learned of the information" necessary to seek an end of the stay on December 11, 2018 if the Defendant only obtained a discharge on November 27, 2018. *Id.* The Defendant's speculation is not evidence. It is just as likely that the Plaintiff discovered the conversion of the bankruptcy proceedings after the discharge of the Defendant's debt as it is that she discovered the conversion before the discharge. Considering the Defendant failed to provide notice of the conversion, as he was required to by law, he is not entitled to an inference in his favor.

Therefore, the Plaintiff lacked the knowledge necessary for her debts to become discharged in the Chapter 7 proceeding.

### III. CONCLUSION.

For the foregoing reasons, the Court denies the Defendant's motion for reconsideration. The stay of these proceedings will remain lifted.

It is **SO ORDERED**:

Dated: Central Islip, New York

February 7, 2019

                                                                           ___/s/ Arthur D. Spatt_____

                                                                           ARTHUR D. SPATT

                                                                       United States District Judge